IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALVIN MCCULLOUGH, | : | Civil No. 3:17-cv-1780 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| LAWRENCE MAHALLY, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Background**

Plaintiff Kalvin McCullough ("McCullough"), an inmate who was housed at all relevant times at the State Correctional Institution, Dallas, Pennsylvania ("SCI-Dallas"), initiated this action pursuant to 42 U.S.C. § 1983, alleging violations of his rights as protected by the Eighth Amendment of the United States Constitution regarding his exposure to environmental tobacco smoke ("ETS"). (Doc. 1). Named as Defendants are Superintendent Lawrence Mahally, Deputy Superintendent Demming, and Major White. (*Id.*).

Presently pending before the Court is Defendants' motion (Doc. 13) for summary judgment pursuant to Federal Rule of Civil Procedure 56. Despite being directed to file a brief in opposition to Defendants' motion, Plaintiff failed to respond to the motion and the

time for responding has now passed.[1] (*See* Doc. 16). In the absence of any timely response by McCullough, the motion is deemed ripe for resolution. For the reasons set forth below, the Court will grant Defendants' motion.

## II. <u>Legal Standard</u>

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the

---

[1] McCullough was admonished that failure to file a brief in opposition to Defendants' motion would result in the motion being deemed unopposed. (Doc. 16) (*see also* M.D. Pa. Local Rule 7.6 ("Any party opposing any motion . . . shall file a brief in opposition [to] the movant's brief . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion.")).

assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## III. Statement of Undisputed Facts[2]

McCullough initiated this action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation due to his exposure to secondhand cigarette smoke while housed at SCI-Dallas. (Doc. 14 ¶ 1). McCullough was housed at SCI-Dallas from approximately August 28, 2016 to January 18, 2018. (Doc. 14 ¶ 3; Deposition of Kalvin McCullough ("McCullough Dep."), p. 13, lines 8-11).

McCullough was diagnosed with asthma in 2013. (Doc. 14 ¶ 7; McCullough Dep., p. 15). He does not take any medications for lung problems. (McCullough Dep., p. 14).

McCullough admitted that he did not have any lung difficulties at SCI-Dallas, he was never treated for lung problems at SCI-Dallas, and never had an asthma attack at SCI-Dallas. (Doc. 14 ¶¶ 8, 13-14; McCullough Dep., p. 16, lines 4-6, p. 27, p. 28, lines 18-20). McCullough's medical records for the relevant time period do not refute his testimony regarding his lack of complaints or medical care at SCI-Dallas. (Doc. 14 ¶ 17; Doc. 14-2).

McCullough underwent a chest x-ray at the State Correctional Institution, Benner Township ("SCI-Benner"), in June of 2016 due to shortness of breath. (Doc. 14 ¶ 9;

---

[2] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues for trial. *See id.* Unless otherwise noted, the factual background herein derives from Defendants' Rule 56.1 statement of material facts. (Doc. 14). McCullough did not file a response to Defendants' statement of material facts. The Court accordingly deems the facts set forth by Defendants to be undisputed. *See* LOCAL RULE OF COURT 56.1.

McCullough Dep., p. 18). The x-ray report was normal. (McCullough Dep., p. 19).

McCullough had no treatment for a breathing problem from June of 2016, when he had the x-ray at SCI-Benner, until April of 2019, when he was at the State Correctional Institution, Coal Township ("SCI-Coal Township"). (Doc. 14 ¶ 10; McCullough Dep., pp. 19-20). McCullough stated that sometimes exercise causes his asthma attacks and that sometimes he is short of breath for no reason. (Doc. 14 ¶ 11; McCullough Dep., pp. 21-22).

McCullough was not prescribed an asthma inhaler until approximately April of 2019. (Doc. 14 ¶ 5; McCullough Dep., p. 14). At the time he was prescribed an inhaler, he had not been at SCI-Dallas for over a year. (*Id.*). McCullough stated that he got the inhaler after he left SCI-Dallas, while housed at SCI-Coal Township, because he was experiencing shortness of breath at night. (Doc. 14 ¶¶ 5-6; McCullough Dep., pp. 14-15).

As of July 1, 2019, smoking is no longer allowed in any state correctional institutions under the supervision of the Department of Corrections ("DOC"). (Doc. 14 ¶ 15; McCullough Dep., p. 29, lines 1-5, p. 37, lines 7-9).

## IV. Discussion

In order to make out a *prima facie* case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's

necessities," or at least a "single, identifiable human need." *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson*, 501 U.S. at 297; *Rhodes*, 452 U.S. at 347.

A prisoner may maintain an action under the Eighth Amendment based on his exposure to environmental tobacco smoke in one of two ways–a present injury claim and a future injury claim. *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003). A present injury claim alleges that exposure to ETS poses a risk to a prisoner's existing medical needs. A present injury claim based on exposure to ETS requires proof of: (1) a sufficiently serious medical need related to ETS exposure; and (2) deliberate indifference by the prison authorities to that need. *Id.* at 266 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

A future injury claim "alleges that an inmate's ETS exposure is creating a risk of future medical harm so grave that society will not condone its prisoners (or anyone else) being exposed to it." *Atkinson*, 316 F.3d at 273 (citing *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1994)). A future injury claim based on exposure to ETS requires proof of: (1) exposure to unreasonably high levels of ETS contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the

exposure to ETS. *Atkinson*, 316 F.3d at 262-63 (citing *Helling*, 509 U.S. at 35).

Thus, both present and future injury claims require an objective component, either that the prisoner suffer from a sufficiently serious medical need, or that the prisoner be subjected to an unreasonably high level of ETS; and, both require, as a subjective component, that the prison authorities were deliberately indifferent. Defendants argue that McCullough cannot satisfy either prong. The Court agrees.

With respect to a present injury claim, the Court notes that there is no record evidence that McCullough suffers from any type of medical need or illness related to ETS exposure. In fact, the medical records contain no diagnosis or treatment related to exposure to ETS. (*See* Doc. 14-2). McCullough concedes that he never had any lung problems at SCI-Dallas, he was never treated for lung problems at SCI-Dallas, and never had an asthma attack at SCI-Dallas. (McCullough Dep., p. 16, lines 4-6, 9. 27, p. 28, lines 18-20). This is corroborated by the medical records. (Doc. 14-2, pp, 45-52). Moreover, when McCullough was transferred from SCI-Dallas to SCI-Coal Township on January 18, 2018, he underwent an intake examination. (Doc. 14-2, p. 12). During the intake examination, McCullough reported that he did not suffer from any chronic illnesses and did not take any medications. (*Id.*). Thus, McCullough fails to meet the objective element of a present injury claim, as he has failed to link any symptom to ETS exposure. *See Goode v. Nash*, 2007 WL 201007 (M.D. Pa. Jan. 23, 2007) (despite opportunity to develop a record,

the plaintiff relied on only his only speculations that ETS exposure resulted in his nasal discomfort, coughing, and other maladies), *aff'd*, 241 F. App'x 868 (3d Cir. 2007); *Brown v. Varner*, 2013 WL 4591817, at *18-19 (M.D. Pa. Aug. 28, 2013) (when prisoner filed grievances of ETS but did not have any injuries and was informed that the prison had a no-smoking policy that was enforced, his claims failed).

For a future injury claim, McCullough must show that he was exposed to unreasonably high levels of ETS, which can be met by showing that the risk he complains of "is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36. McCullough has failed to produce any objective evidence of extremely high levels of tobacco smoke which society deems intolerable. McCullough makes only conclusory allegations that he was on a housing unit with inmates who "openly consume[d] tobacco products," and that the tobacco smoke he was exposed to "was extraordinarily high." (Doc. 1, p. 3). The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" and cannot survive Rule 56 scrutiny by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). *See Betts v. New Castle Youth Development Center*, 621 F.3d 249, 252 (3d Cir. 2010) (citing *Williams*, 891 F.2d at 460); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Rule 56 requires affirmative evidence in support of a claim. *See* FED. R. CIV. P. 56(e). The record is devoid

of any such affirmative evidence. The Court finds that McCullough has not established that he was exposed to unreasonably high levels of ETS, an essential element of a future injury claim.

Furthermore, the record does not support a finding of deliberate indifference by the Defendants. See *Farmer*, 511 U.S. at 835. McCullough has failed to produce any evidence that Defendants acted with deliberate indifference to a medical condition, especially in light of the fact that McCullough never sought any medical treatment at SCI-Dallas for lung problems. When McCullough did complain about inmates smoking indoors, Defendant Mahally advised him that the correctional officers would make sure that no one was smoking. (Doc. 14-1, p. 30). Additionally, the record demonstrates that the DOC now has a policy prohibiting smoking. See *Helling*, 509 U.S. at 36 (observing that the adoption by a prison of an anti-smoking policy "will bear heavily on the inquiry into deliberate indifference").

Because McCullough has not made a factual showing sufficient to establish the existence of the objective elements of a present or future injury claim, and failed to prove that prison officials were deliberately indifferent to a serious risk of harm, Defendants are entitled to judgment as a matter of law. Consequently, their motion for summary judgment will be granted.

## V. Conclusion

The Court will grant Defendants' motion (Doc. 16) and enter summary judgment in their favor. A separate Order shall issue.

Dated: January 17, 2020

Robert D. Mariani
United States District Judge